UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **SUPERSEDING INDICTMENT** |
| | ) | No. 1:20-cr-106-JRH-BKE |
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | Wire Fraud |
| | ) | |
| ORELL PLUMMER | ) | |
| | ) | 18 U.S.C. § 1957 |
| | ) | Money Laundering |

**THE GRAND JURY CHARGES THAT:**

At times relevant to this Superseding Indictment:

1.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or about March 2020 designed to provide emergency financial assistance to the millions who are suffering the economic effects caused by the COVID-19 pandemic.

2.    Among other relief efforts, the United States sought to provide financial support to eligible businesses that could be used to offset certain business expenses.

3.    Defendant **ORELL PLUMMER** fraudulently sought and received tens of thousands of dollars in relief payments by making false and fraudulent representations to the Small Business Administration ("SBA").

**The Defendant and His Business**

4.    **PLUMMER** is an individual residing in the Southern District of Georgia, Augusta Division.

5.    "O International Enterprise, LLC" is a "business" located in the Southern District of Georgia, Augusta Division. **PLUMMER** is the entity's registered agent and owner.

### *The Coronavirus Aid, Relief, and Economic Security Act*

6.    The SBA is an executive branch agency of the United States government that provides support to entrepreneurs and small businesses. The SBA is headquartered in Washington, DC and maintains its computer servers outside of the State of Georgia. The SBA's mission is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

7.    As part of this effort, the SBA enables and provides for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees. In addition, the SBA provides loans that come directly from the U.S. Government.

8.    One source of relief provided by the CARES Act was the authorization for the SBA to provide Economic Injury Disaster Loans ("EIDL") to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

9.    In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL ("EIDL Advance"). The amount of the EIDL Advance was determined by the number of employees the applicant certified having.

10.    In order to obtain an EIDL and/or EIDL Advance, a qualifying business had to submit an online application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the twelve-month period preceding the disaster, and the cost of goods the business sold in the twelve-month period preceding the disaster. In the case of EIDLs and EIDL Advances for COVID-19 relief, the twelve-month period was that preceding January 31, 2020. The applicant also had to certify that all the information in its application was true and correct to the best of the applicant's knowledge.

11.    EIDL applications were submitted directly to the SBA online at https://covid19relief.sba.gov/#/ and processed by the agency with support from a government contractor, Rapid Finance. The amount of each loan was determined based, in part, on the information provided by the application about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL or EIDL Advance were issued directly by the SBA.

12.    EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

### COUNT ONE
*Wire Fraud*
18 U.S.C. § 1343

13.    The Grand Jury re-alleges and incorporates by reference the allegations in the proceeding paragraphs.

14.    Beginning in about June 2020 until in or about August 2020, in the Southern District of Georgia, and elsewhere, Defendant

3

## ORELL PLUMMER

did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises.

### The Object of the Scheme

15.     The object of the scheme described in Paragraph 14 for Defendant **PLUMMER** was to unjustly enrich himself by obtaining EIDL proceeds under false and misleading pretenses, including by making false statements about the number of individuals his company employed and his company's gross revenue.

### Means and Manner

16.     On or about July 6, 2020, **PLUMMER** submitted, or caused to be submitted, an electronic application for an EIDL from the SBA ("EIDL Application - 9921") on behalf of O International Enterprise, LLC at https://covid19relief.sba.gov/#/.     In connection with EIDL Application 9921, **PLUMMER** falsely affirmed, among other information, that O International Enterprise, LLC had 10 employees, and that in the twelve months prior to the disaster the business had $180,000 in gross revenue. **PLUMMER** also falsely affirmed that he had owned the business since July 16, 2006 and that it was a clothing/apparel company.

17.     On or about July 7, 2020, in reliance on **PLUMMER**'s false representations in EIDL Application 9921 on behalf of O International Enterprise,

4

LLC, the SBA deposited money into a bank account in **PLUMMER**'s name at "Bank 1" in the form of an EIDL Advance.

18.     On or about July 7, 2020, in reliance on **PLUMMER**'s false representations in EIDL Application -9921 on behalf of O International Enterprise, LLC, the SBA made a separate deposit into a bank account in **PLUMMER**'s name at "Bank 1" in the form of an EIDL.

### The Wiring

19.     From July 2020 until August 2020, in the Southern District of Georgia, and elsewhere, **PLUMMER**, did transmit, or cause to be transmitted, by means of wire communication in interstate commerce a writing, signal, picture, and sound, *to wit*, an electronic EIDL application, wire transfers, and other financial transactions in interstate commerce.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
*Money Laundering*
18 U.S.C. § 1957

20.    The Grand Jury re-alleges and incorporates by reference the allegations in the proceeding paragraphs.

21.    On or about the date set forth below, in the Southern District of Georgia, Defendant **PLUMMER**, did knowingly, intentionally, and unlawfully engage in, and attempt to engage in, the monetary transaction in the approximate amount below, by, through, and to a financial institution engaged in, and the activities of which affected, interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and that while engaging in, and attempting to engage in, such monetary transaction, knew that the funds and monetary instruments involved in the transaction constituted, and were derived from, proceeds of from a criminal offense:

| Date | Amount | Description |
|---|---|---|
| August 4, 2020 | $19,000 | Wire Transfer of $19,000 from Pentagon Federal Credit Union Account ending in 1025 to Cadence Bank Account ending in 6295 |

All in violation of Title 18, United States Code, Section 1957(a).

## FORFEITURE ALLEGATIONS

The allegations contained in Counts One and Two of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the Title 18 offense set forth in Count One of this Superseding Indictment, the Defendant **ORELL PLUMMER** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to the charged offense.

If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

7

True Bill                    /

_____

David H. Estes
Acting United States Attorney

Jennifer A. Stanley
Assistant United States Attorney
*Lead Counsel

_____

Karl Knoche
Assistant United States Attorney
Chief, Criminal Division

Patrick J. Schwedler
Assistant United States Attorney
*Co-lead Counsel

8